UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE E. ARMSTRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: _____ |
| | ) |
| AMERICAN PIPE AND SUPPLY CO, INC. | ) |
| | ) 2:17-cv-00577-AKK |
| Defendant. | ) |

# COMPLAINT

## I.     PRELIMINARY STATEMENT

1.     Plaintiff, George E. Armstrong, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981a, the Age Discrimination in Employment Act, 29 U.S.C. §626 et seq. and the Lilly Ledbetter Fair Pay Act of 2009., 123 Stat. 5, to remedy acts of employment discrimination and retaliation, and harassment perpetrated against him by Defendant.  Plaintiff contends that Defendants discriminated against him by passing him over for promotion because of his race (African-American) and age (over 40).  Plaintiff contends that Defendants discriminated against him by subjecting him to discriminatory and unjustified higher standards of performance to deny him equal opportunity for advancement, and equal pay.  Plaintiff further asserts that Defendants retaliated against him for having complained about such discrimination, created a hostile working environment for him, caused him to suffer pain, anguish and public humiliation as a

direct result of the discriminatory treatment he was subjected to, and ultimately resulted in the termination of his employment by constructive discharge.

## II. JURISDICTION

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981a, the Age Discrimination in Employment Act, 29 U.S.C. §626 et seq., and the Lilly Ledbetter Fair Pay Act of 2009., 123 Stat. 5

## III. VENUE

3. Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. §7703(b)(2); as Plaintiff was employed by Defendants in this judicial district, Plaintiff's employment records are maintained by Defendants in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

## IV. ADMINISTRATIVE EXHAUSTION

4. Plaintiff filed a charge of discrimination (420-2015-02504) on or about September 14, 2015, charging discrimination based on race and age, and retaliation for prior protected activity, with the U.S. Equal Employment Opportunity Commission, Birmingham District Office (See Exhibit "A" attached hereto).

5. Plaintiff received a Notice of Right to Sue from the EEOC regarding all his claims less than ninety (90) days prior to filing his Complaint (see Exhibit "B" attached hereto).

## V. PARTIES

6. Plaintiff George E. Armstrong is an African-American male who is at least 40 years old, is a citizen of the United States of America and a resident of Jefferson County,

Alabama. At all times relevant to this suit until his constructive discharge on or about May 13, 2015 he was employed by the AMERICAN PIPE AND SUPPLY CO. INC.

7. Defendant AMERICAN PIPE AND SUPPLY CO. INC. does business in Jefferson County, Alabama. Defendant employs at least fifteen (15) employees.

## VI.   STATEMENT OF FACTS

8. Plaintiff George E. Armstrong is a black male over the age of forty (40), he was hired by Defendant AMERICAN PIPE AND SUPPLY CO. INC. on August 27, 2012 as a warehouse driver.

9. Throughout Plaintiff's employment with Defendant, Plaintiff performed his job duties in an exemplary and highly competent manner.

10. Plaintiff George E. Armstrong has a B.S. in Electrical Engineering from Tennessee State University completed in 1981.

11. He also completed several Online Training Certifications from the American Supply Association Education Foundation (ASA- University) in the following specialties;

    a.  Introduction to Copper & Fittings and Plastic Pipe & Fittings, 2013

    b.  Overview of Warehouse Distribution, 2013

    c.  Introduction to Pipe, Valves, and Fittings, 2013

    d.  Introduction to Industrial Valves – Multi Turn & Quarter-Turn Valves and Specialty Valves, Certification, 2013.[1]

12. Plaintiff George E. Armstrong also has multiple years of sales experience as exemplified by the following;

---

[1] Armstrong was only hours short of completing his Branch Manager Certification through ASA-University at the time of his constructive discharge so he went on to achieve that certification in 2016.

      a.      Sales and Marketing Services of Structural Insulated Panels (SIPs) throughout the State of Alabama totaling over $320,000.00.

      c.      Sales and Marketing of KIRBY Vacuum Cleaners from with sales of around $121,000.00

      d.      Sales and Marketing of Gutter Guardian Products with sales of around $85,000.00

      e.      Sales and Marketing of First Aid Kits and Safety Products to the State of Alabama's sixty-six County Agencies with sales amassing approximately $120,000.

      f.      Sales and Marketing of Professional Consulting Services with projects grossing over $2.4 Million, including sales presentations, constructions project flied inspections and project coordination.

13.      Plaintiff George E. Armstrong possesses acute presentation, organizational, computer and analytical skills as typified below:

      a.      Prepared and presented presentations highlighting the use of SIPs products in public housing to various city officials and commissioners

      b.      Prepared and presented presentations highlighting marketing strategies for SIP's products to small business construction contractors.

      c.      Demonstrated ability to manage multiple projects simultaneously while effortlessly interacting with all levels of management.

      d.      Proven ability to prepare, manage and monitor budgets to ensure projects are completed at or below projections.

      f.      Adept at preparing and analyzing monthly and quarterly reports through the recording, identifying, reviewing and analysis of data.

      g.      Proven problem solver from the mundane to the more complex issues.

    h.     Detail oriented and deadline driven.

    i.     Proficient in Microsoft Office applications, i.e., Excel and Word and Basic Project Management Document Control software.

14.     Plaintiff was subjected to disparate treatment prerequisites to employment and promotion in sales compared to his younger white counterparts in that he was required to participate in more training, but repeatedly passed over for promotion due to his alleged failure to perform satisfactorily despite his education, training, and previous sales experience.

15.     Plaintiff was required to cross train for a future sales position. In such, he was required to cross train in the Receiving Department, Shipping Department, Counter Sales and Inside sales. He had previous experience in the Warehouse Department. Plaintiff's training lasted nearly 20 months in comparison to his younger white coworkers, who transferred to sales positions and were not required to cross train in these areas nor were they required to cross train for such an extended period of time.

16.     Throughout his cross training, when sales positions became available, CEO John Howe advised him that there was no reason to apply, that his "path was set" and once his cross training ended, he would be placed in a sales position full time.

17.     As part of his cross training in sales for future positions, Plaintiff had to work in the warehouse in the morning, go to lunch, and afterward report to "inside sales" until 4:00 p.m. each day. Mr. Armstrong worked in "inside sales" on a part-time basis, but was often interrupted and called back to work in the warehouse by Lars Anderson warehouse manager, effectively undermining his ability to make sales.

18. Defendant asserts that Plaintiff's unsatisfactory sales performance was the reason he was transferred back to a driving position and not afforded a sales position however, Mr. Armstrong met or exceeded his monthly goals in the month it was set.

19. The first week of October 2014, Mr. Armstrong complained to CEO John Howe and President Bob Kyle regarding the fact that he had been in "inside sales" for nearly 8 months, had not been promoted, and he was continually interrupted and pulled back into the warehouse by Lars Anderson. As a result, on October 14, 2014, Plaintiff was told in an in-person meeting with Matt Steigerwald Director of Operations, that the interruptions would be minimized, and that Defendants was setting a sales goal of $5,000.00 per month for Mr. Armstrong, effective immediately. Accordingly, Mr. Armstrong had approximately $2,500 in sales during that week period and around $3,000 for the month. Furthermore, during his time in inside sales, he generated over $8,000.00 in sales as part of Octobers totals.

20. Inside sales representative Jerry Latham would assist Mr. Armstrong with the sales he generated when Mr. Armstrong was on the road related to his driver position. Mr. Latham would then take credit for Mr. Armstrong's leads instead of correctly filling out the forms indicating Mr. Armstrong had generated the sales.

21. At the end of October, Mr. Armstrong had submitted an additional $437,547.00 in completed or prepared sales bids. Had his training continued, versus being transferred back to "driver" he would have met and exceeded all goals in the following months.

22. Clearly evident is the fact that Mr. Armstrong was capable of meeting his sales goals but the company did not want an African American over 40 as their representative making sales calls, so Defendant transferred Mr. Armstrong back to his driver position full time asserting the reason for such was due to his failure to meet goals which is pure pretext.

6

23. Mr. Armstrong completed the above described sales despite his disparate treatment while working "inside sales."

24. As part of their training, Mr. Armstrong's younger, Caucasian "inside sales" coworkers were provided lists/data bases of existing customers serviced by Defendants and were allowed to call existing customers and "check in " to see if the customer needed anything and generate sales based on that customer's current needs, whereas, Mr. Armstrong was not afforded that advantage and assistance.

25. Additionally, when customers (new or existing) would call to place an order with Defendant, those customers were directed to Mr. Armstrong's younger, Caucasian coworkers and never to him.

26. Mr. Armstrong was required to generate his own list of potential customers unlike other sales personnel.

27. Plaintiff was precluded from calling on existing customers which was not the case with his younger, white counterparts who were provided a list of customers to call on.

28. Armstrong was not directed calls from customers calling into Defendant.

29. Unlike his younger, white counterparts, Mr. Armstrong generated a potential customer data base of more than 800 companies and as a result of this list and his efforts, Mr. Armstrong established several new customer accounts for the Defendant and was in the process of acquiring many others.

30. Matt Steigerwald Director of Operations and warehouse manager Lars Anderson interviewed Plaintiff in March 2015 before denying him the Branch Shipping Lead position available at that time, a position also given to a lesser qualified younger white male named Cody Helms.

31.     Mr. Armstrong's leadership experience obtained from more than 20 years of team experience as an engineer with Southern Company and 14 years of running his own consulting business, dwarfed the qualifications of Helms who was given the position instead.

32.     Furthermore, it was Mr. Armstrong that would go the "extra mile," working as a driver while at the same time putting in additional time performing inventory, shipping, and receiving responsibilities, and prior to his transfer back to a driver full time cross training in sales as well.

## VII.  FIRST CLAIM FOR RELIEF (Civil Rights Acts of 1964 and 1991, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981a)

33.     The foregoing paragraphs are realleged and incorporated by reference herein.

34.     Defendant has discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race in violation of the Civil Rights Acts of 1964 and 1991.

35.     Despite Plaintiff's expansive experience, education, management skills, and sales he was repeatedly denied promotion to sales opportunities by Defendant.

36.     Despite his vast training education and prior sales experience Defendant's forced Armstrong to participate in a 20 month "cross training" program in Receiving, Shipping, Counter Sales, and Inside Sales before consideration for a full time Sales positon with the Defendant but no such rigorous cross training was required of applicants outside Armstrong's protected class.

37.     Armstrong applied for and received an interview for a vacant Outside Sales position with Defendant only to be denied the position when Defendant instead transferred a much lesser qualified white male named Roddy Lee into the position. Within a year Lee was removed and placed back in inside sales due to his poor performance.

38. In September of 2013 Defendant promoted a Warehouseman Andrew Spivey in Shipping to a vacant Counter Sales position and shortly thereafter to a full-time Inside Sales position while still requiring Armstrong to cross train in sales, without posting the position or conducting interviews.

39. Andrew Spivey a much younger white male was not forced to cross train in sales for either position and Spivey did not possess the years of prior experience in sales nor did he possess Armstrong's specialized training in this area or a college degree.

40. Armstrong became aware of an Industrial Inside Sales position to be filled by the Defendant in November of 2013 and notified management of his qualifications and desire to interview for that position.

41. A younger less qualified, less experienced white male external individual named Nathan Grisham was given the positon in March of 2014, while Armstrong was never considered or afforded an interview for the position.

42. Bryan Allred a younger white male who was an external candidate was hired full time in sales in August of 2014 while Armstrong was not allowed to apply or interview for that sales positon.

43. Between 2014 and 2015 Carter Alvis a lesser qualified and less experienced younger white male with less tenure with the Defendant than Armstrong was promoted from shipping to Counter Sales and then to full-time Outside Sales, during the same period that Armstrong was removed from sales "cross training" and placed back in the warehouse full-time as a driver with no legitimate explanation.

44. On March 11, 2015 Armstrong was interviewed for a Branch Shipping Lead position but a lesser qualified younger white male was again selected instead.

9

45. Plaintiff has received disparate treatment due to his race and age in that all of the individuals who were promoted to the sales positions described above lacked the education, specific and specialized training and experience related to these positions possessed by Armstrong, often they had less tenure with the Defendant than Armstrong and none were forced to participate in a 20 month cross-training program before being freely promoted into vacant sales positions.

46. Thus, Defendant has discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race and age, in violation of the Civil Rights Acts of 1964 and 1991 as amended, ADEA, and Fair Pay Act.

**VIII. SECOND CLAIM FOR RELIEF (Age Discrimination in Employment Act, 29 U.S.C. §626)**

47. The foregoing paragraphs are realleged and incorporated by reference herein.

48. The Defendant's conduct as alleged above constitutes discrimination based on Age discrimination in violation of ADEA. Defendants' conduct evidences a discriminatory animus based on Plaintiff's age.

49. Between 2012 and 2014 Andrew Spivey, Nathan Grisham, Bryan Allred, Carter Alvis, and Cody Helms all white males under the age of 40 were promoted to sales positions with the Defendant over the Plaintiff without being required to cross-train.

50. Andrew Spivey, Nathan Grisham, Bryan Allred, Carter Alvis, and Cody Helms all had less experience, less specialized training, and less education than the Plaintiff George Armstrong when they were promoted into sales vacancies over the Plaintiff by the Defendant.

51.     Thus, Defendant has discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race and age in violation of the Civil Rights Acts of 1964 and 1991 as amended, ADEA, and Fair Pay Act.

**IX.     THIRD CLAIM FOR RELIEF (Reprisal for Engaging in Protected Activities)**

52.     The foregoing paragraphs are realleged and incorporated by reference herein.

53.     The Defendants' conduct as alleged above constitutes retaliation against Plaintiff because he engaged in activities protected by the Civil Rights Act, and the ADEA. Defendants' stated reasons for their conduct were not their true reasons, but were rather pretext to hide their discriminatory and retaliatory aims.

54.     Because between 2012 and 2014 Plaintiff asked to be promoted on several occasions like his white counter parts, and expressed his belief that his treatment of not being promoted was based on his race and age, Defendants subjected him to further disparate treatment by forcing him to undergo cross-training as a pretext for giving him full consideration for open sales positons and promoting him to sales over the remaining term of his employment prior to his constructive discharge.

55.     Defendant's forced Plaintiff's constructive discharge when after refusing to promote him to sales in August of 2014 they placed him back into the warehouse as a driver full-time.

56.     Then, in March of 2015 after once again passing him over for promotion to sales and promoting another young white male outside his protected class, threatened Plaintiff with further reprisal after his request for a raise which his white counter parts also did without the same adverse reaction from the Defendant.

11

57. Thus, Defendant has retaliated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race and age in violation of the Civil Rights Acts of 1964 and 1991 as amended, ADEA, and Fair Pay Act.

X.   **FIFTH CLAIM FOR RELIEF (Hostile and Abusive Working Environment)**

58. The foregoing paragraphs are realleged and incorporated by reference herein.

59. Defendant's subjected Plaintiff to a hostile work environment by constantly requiring him to endure heightened scrutiny of his performance on a daily basis.

60. Defendants also forced Plaintiff to perform several jobs simultaneously in an attempt to cause him to fail as a part of their efforts to discourage and dissuade him from pursuing equal treatment in promotions and advancement within the company into the sales force.

61. Plaintiff was forced to face the humiliation and embarrassment of being consistently denied a position in sales while he observed white males often much younger and less educated and experienced than him repeatedly get the opportunities he deserved with little or no effort at all.

62. Upon asking his employer for a raise in salary based on his independent study and certifications in the Defendant's business and industry, and successful participation in the sales training he did receive and his sales productivity Plaintiff was threatened with termination if he asked about a raise again in the future.

63. Thus the Defendants' repeated denial of advancement opportunities, unfair scrutiny of Plaintiff, requirement of Plaintiff to participate in a cross-training program based on sheer pretext, and being threatened with dismissal for asking for fair compensation constitutes a

hostile and abusive working environment in violation of the Civil Rights Act as amended, the Fair Pay Act, and the ADEA.

## XI   SIXTH CLAIM FOR RELIEF

**(Violation of the 14th Amendment to the United States Constitution)**

64. The foregoing paragraphs are realleged and incorporated by reference herein.

65. Defendants have denied the Plaintiff equal protection of the law in violation of USCS Const. Amend. 14, by refusing to grant him equal employment opportunity without discriminating against him based on his race, and age, Black Male, and Age over 40. Defendants are in ongoing violation of this law by their continued refusal to re-hire or reinstate the Plaintiff based on his race, and age, and continuing to enforce the unfair denial or equal opportunity for promotion and advancement, and forcing his constructive discharge. Plaintiff was also retaliated against for challenging his disparate treatment. Defendants exhibit a pattern and practice of discrimination by repeatedly failing to rehire and promote the Plaintiff to positions equal to or greater than his prior position in both pay and benefits and sales duties in spite of his undeniable competence and ability to perform in said positions and the availability of said positions within the Company. Defendants also violated the 14th Amendment by repeatedly failing to transfer, and or promote Armstrong to the multiple sales positions that were available during all times relevant to this complaint, while transferring and or promoting white males more often than not under forty (40) years of age to said sales positions, and denying Plaintiff those positions strictly based on discriminatory animus in violation of the 14th Amendment.

## XII   SEVENTH CLAIM FOR RELIEF

**(Violation of the Lilly Ledbetter Fair Pay Act of 2009)**

66. The foregoing paragraphs are realleged and incorporated by reference herein.

67. The Defendants' conduct constitutes discrimination against Plaintiff because of his race and age. Defendants' stated reasons for their conduct were not their true reasons, but were rather pretext to hide their discriminatory and retaliatory aims.

68. Plaintiff asked to be promoted on several occasions like his white counter parts, but was not being promoted based on his race and age.

69. Defendants subjected Plaintiff to further disparate treatment by forcing him to undergo cross-training as a pretext for giving him full consideration for open sales positons and failing to promote him to sales over the remaining term of his employment prior to his constructive discharge.

70. Plaintiff was paid a lower wage than his white and younger counterparts who had less training, experience and education than the Plaintiff on an ongoing basis.

71. Plaintiff was denied increases in salary and benefits from 2012 through his constructive discharge in 2015 based on his age and race while those outside his protected class were granted raises and or promotions and or transfers to sales and other better and or higher paying positions with more income opportunities including but not limited to commissions and bonuses based on sales and sales leads generated.

72. Thus, Defendant has discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race and age in violation of the Civil Rights Acts of 1964 and 1991 as amended, the ADEA, and Fair Pay Act.

## XIII. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court provide relief as follows:

1. Declaring that the Defendant maintained and maintain in the AMERICAN PIPE AND SUPPLY CO. INC., a policy and practice of racial discrimination by its managers and supervisors against African American employees and in particular George E. Armstrong.

2. Declaring that the Defendant maintained and maintain in the AMERICAN PIPE AND SUPPLY CO. INC., a policy and practice of discrimination against employees over the age of 40 and in particular George E. Armstrong.

3. Declaring that the Defendant maintained and maintain in the AMERICAN PIPE AND SUPPLY CO. INC. a policy of retaliating against employees who request fair and equal access to promotions and pay increases and in particular George E. Armstrong.

4. Directing the Defendant by appropriate injunctive orders to eliminate such policies and practices.

5. Directing the Defendant to take specific corrective action for the discrimination and retaliation in the past and in particular against George E. Armstrong.

6. Awarding Plaintiff back pay, including lost wages, benefits and bonuses, and seniority, front pay, back pay, plus interest, reinstatement, relocation, or compensation for loss of future income in lieu of relocation into the position Plaintiff would have held in the absence of discrimination and retaliation, and whatever compensatory and punitive damages this Court finds due and owed to Plaintiff.

7. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorneys' fees, and expenses incurred by this litigation.

## XIV. JURY DEMAND

Plaintiff hereby demands trial by struck jury.

Respectfully submitted,

*George E. Armstrong*
George E. Armstrong
Plaintiff


Tyrone Townsend
Attorney for Plaintiff